752 A.2d 828

ROBERT SCOULER, APPELLANT, v. CITY OF CAMDEN, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 2, 2000—Decided June 15, 2000.

Before Judges SKILLMAN, D'ANNUNZIO and FALL.

*Law Offices of Igor Sturm*, attorneys for appellant (*William C. MacMillan*, on the brief).

*John A. Misci, Jr.*, City Attorney, attorney for respondent (*Lloyd D. Henderson*, Assistant City Attorney, on the brief).

*John J. Farmer, Jr.*, Attorney General, filed a statement in lieu of brief on behalf of the Merit System Board (*Elizabeth M. Laufer*, Deputy Attorney General, on the statement).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –8, includes a provision that "the institution of an action [under CEPA] shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law." *N.J.S.A.* 34:19–8. The Merit System Board (Board) held that this provision precludes a career civil service employee who has filed a CEPA action against his employer from appealing to the Board from a disciplinary action that is also one of the grounds of the employee's CEPA claim. We conclude that a career civil service employee who has filed a CEPA action is not precluded from appealing a disciplinary action to the Board simply because the employee alleges that his employer instituted disciplinary charges against him for the same retaliatory reasons alleged in the CEPA action.

Appellant Robert Scouler is employed by respondent City of Camden (City) in the career civil service position of construction official. On November 24, 1997, the City served Scouler with a preliminary notice of disciplinary action for insubordination, neglect of duty and misuse of public property. The notice indicated that the alleged insubordination consisted of Scouler ignoring repeated requests by the Director of Development and Planning for information and reports, and that the alleged neglect of duty consisted of Scouler's failure to produce and deliver monthly reports. At a departmental hearing, the charge of misuse of public property was dismissed, but Scouler was found guilty of insubordination and neglect of duty, and suspended for thirty days. Scouler appealed this disciplinary action to the Board,

which referred the matter to the Office of Administrative Law (OAL).

While Scouler's civil service appeal was still pending, he filed an action in the Superior Court against the City and various City officials, alleging that they had retaliated against him, in violation of CEPA, because he had objected to and refused to participate in violations of the Uniform Construction Code and other laws and had reported those violations to the Department of Community Affairs. One of the retaliatory acts alleged in Scouler's CEPA complaint was the City's disciplinary action that was the subject of his appeal to the Board.[1]

Subsequently, an Administrative Law Judge (ALJ), relying upon *N.J.S.A.* 34:19–8, issued a recommended initial decision which concluded that "[w]here ... a civil service employee elects to file a superior court complaint against the appointing authority, citing the CEPA and involving the same or substantially the same issues as are involved in the civil service case, ... [t]he CEPA action is the exclusive means of determination of the parties' rights and duties and a civil service administrative case involving the same subject matter must be dismissed." The Board adopted this recommended decision and dismissed Scouler's appeal of the thirty-day suspension imposed upon him by the City. Scouler appeals the dismissal of his civil service disciplinary appeal, and we now reverse.

In *Young v. Schering Corp.,* 141 *N.J.* 16, 660 *A.*2d 1153 (1995), the Supreme Court addressed the scope of the CEPA waiver provision involved in this appeal. The issue in *Young* was whether this provision precludes an employee who has filed a CEPA action from pursuing not only related common-law claims but also other claims that are substantially independent of the retaliation claim. The Court found that the purpose of the waiver provision is solely

---

[1] Scouler also alleged that defendants had retaliated against him by undertaking to eliminate his position by "privatizing" his job responsibilities and by a course of "threatening, intimidation, hostile, abusive and humiliating" conduct.

to "prevent an employee from pursuing both statutory and common-law retaliatory discharge causes of action" based on the same operative facts. *Id.* at 27, 660 *A.*2d 1153. For this reason, the Court rejected "the overly literal reading of the waiver provision urged by defendants," *id.* at 25, 660 *A.*2d 1153, and decided that this provision should be construed "narrowly," *id.* at 27, 660 *A.*2d 1153. Accordingly, the Court held that "the waiver provision applies only to those causes of action that require a finding of retaliatory conduct that is actionable under CEPA." *Id.* at 29, 660 *A.*2d 1153.

The civil service disciplinary action instituted by the City against Scouler does not involve a "cause[ ] of action that require[s] a finding of retaliatory conduct that is actionable under CEPA." Scouler is a permanent employee in the career civil service.[2] The City may suspend or take other disciplinary action against such an employee only for neglect of duty or other good cause. *N.J.A.C.* 4A:2–2.3. The Civil Service Act entitles a career civil service employee to a departmental hearing before the employer can impose a suspension of more than five days, *N.J.S.A.* 11A:2–13, and if the employer sustains a disciplinary charge at a departmental hearing, the employee is entitled to appeal to the Board, *N.J.S.A.* 11A:2–14, which may refer the matter for a hearing before an ALJ in accordance with *N.J.A.C.* 4A:2–2.9(b). At that hearing, the employer has the burden of proving that the employee is guilty of misconduct warranting disciplinary action. *N.J.S.A.* 11A:2–21. Moreover, if the Board concludes that the charge has been sustained, it must make a de novo determination of the appropriate disciplinary action. *Henry v. Rahway State Prison*, 81 *N.J.* 571, 576–80, 410 *A.*2d 686 (1980). Thus, the "cause of action" at a civil service disciplinary hearing is not the employee's claim that the employer has taken "retaliatory action," but rather the employer's claim that the employee was guilty of

---

[2] Only a career civil service employee has the right to appeal a disciplinary action to the Board. *N.J.S.A.* 11A:2–6; *N.J.A.C.* 4A:2–2.1(a).

misconduct. Any claim that the disciplinary charge was brought in retaliation for conduct protected by CEPA is solely a matter of defense, which the employee has no burden to prove in order to be exonerated. Therefore, the CEPA waiver provision does not preclude a career civil service employee who has filed a CEPA action from appealing a disciplinary charge to the Board simply because the employee alleges that the charge was instituted for the same retaliatory reasons alleged in the CEPA action.

Furthermore, the CEPA waiver provision does not require the exclusion of evidence of retaliation in a civil service disciplinary hearing. *N.J.S.A.* 34:19–8 was only intended "to curtail essentially cumulative remedial actions." *Young, supra,* 141 *N.J.* at 27, 660 *A.*2d 1153. It is not an evidentiary rule which requires exclusion of evidence with obvious probative value. When an employee denies the factual allegations underlying a disciplinary charge, the ALJ must weigh the credibility of the employer's allegations of misconduct, which frequently consist of a supervisor's testimony, against the employee's denials. In making this credibility determination, one obvious consideration is whether the supervisor may have had a motive other than the faithful performance of his public duties for filing the charge and testifying against the employee. Consequently, if *N.J.S.A.* 34:19–8 were construed to preclude an employee who had filed a CEPA action from presenting evidence of retaliation at a civil service disciplinary hearing, it could result in the exclusion of evidence critical to a fair and reliable evaluation of the credibility of the witnesses testifying in support of the charge.

We also note that neither *N.J.S.A.* 34:19–8 nor any other section of CEPA precludes an employee who alleges a retaliatory motive for the institution of a civil service disciplinary charge from subsequently filing a CEPA action. Thus, if the OAL had scheduled a hearing on Scouler's civil service appeal prior to the expiration of the one-year period for filing a CEPA action, see *N.J.S.A.* 34:19–5, Scouler could have pursued his civil service appeal, and presented evidence of the City's alleged retaliatory

motive for bringing the disciplinary charges, and then initiated a CEPA action after the civil service appeal was concluded. An employee's right to appeal a disciplinary charge and present evidence of retaliation in defense of the charge should not turn on the fortuitous circumstance of whether the OAL and Board complete the proceedings in a civil service disciplinary appeal before expiration of the limitations period for filing a CEPA action. Therefore, consistent with the intent of *N.J.S.A.* 34:19–8 to only "prevent an employee from pursuing both statutory and common-law retaliatory discharge causes of action," *Young, supra,* 141 *N.J.* at 27, 660 *A.*2d 1153, we conclude that a career civil service employee who files a CEPA action is not precluded from pursuing an appeal of a related disciplinary charge to the Board, and that the employee may present evidence of retaliation at the hearing on the charge.

Accordingly, the Board's decision dismissing Scouler's appeal is reversed and the case is remanded for a hearing on the merits.